UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILHYPER, INC., a California corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED LIFT EQUIPMENT, LLC, a New York limited liability company; and ARCANGELO CAPOZZOLO,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-01304-JAH-JLB<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

  On July 15, 2019, Plaintiff Lilhyper, Inc. ("Plaintiff") filed a complaint against Defendants United Lift Equipment, LLC and Arcangelo Capozzolo ("Defendants") for breach of contract and violations of the California Commercial Code and Uniform Commercial Code.  ECF No. 1.  Defendants filed an answer to Plaintiff's complaint on October 17, 2019.  ECF No. 3.  On February 21, 2020, Defendants filed a notice of bankruptcy and automatic stay based upon the filing of a bankruptcy petition in the United States Bankruptcy Court for the Western District of New York.  ECF Nos. 7, 9.  On February 25, 2020, this Court issued an Order staying this action pending Defendants' bankruptcy proceedings.  ECF No. 8.

On February 13, 2023, the Court ordered the parties to file a joint status report regarding the status of bankruptcy proceedings. ECF No. 12. In response, Plaintiff filed a status report on March 31, 2023, indicating it "does not appear the bankruptcy case will be dismissed in the near future, and, thus, it would be appropriate for this Court to dismiss this action without prejudice." ECF No. 13 at 1. Because Plaintiff did not request dismissal of the action, the Court continued the stay and directed the parties to file a joint status report every 90 days during the pendency of the bankruptcy proceedings. ECF No. 14. Neither party filed a status report.

On August 7, 2023, this Court directed the parties to appear before the Court for a status conference. Attorney Dennis J. Wickman appeared on behalf of Plaintiff and explained he was unable to make contact with his client. Defendants did not appear. After hearing from Plaintiff's counsel, the Court directed Plaintiff to appear and show cause why the case should not be dismissed and directed Plaintiff to file a status report 10 days prior to the hearing. Plaintiff's counsel filed a declaration on December 1, 2023, attesting that he was unable to make contact with his client and, according to the website for the Office of the Secretary of State for the State of California, his client Lilhyper, Inc. filed a Certificate of Dissolution indicating the corporation was completely wound up and dissolved. *See* Wickham Decl. ¶¶ 2, 3 (ECF No. 17). Based upon the representations of counsel, the Court vacated the hearing. For the reasons discussed below, the Court finds dismissal of this action is appropriate.

A district court may dismiss an action for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). "In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.'" *Id.* at 1260-61 (citing *Thompson v. Housing Auth.*,

782 F.2d 829, 831 (9th Cir.); *Henderson v. Duncan*, 779 F.2d 1421, 1423-24 (9th Cir.1986)).

The first factor, the public's interest in expeditious resolution of litigation, always weighs in favor of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). The second factor, the Court's need to manage its docket, similarly favors dismissal. This action has been stayed since February 2020. Plaintiff's failure to communicate with counsel and failure to provide the Court any explanation on whether it anticipates prosecuting the action upon completion of the bankruptcy proceedings, particularly in light of the dissolution of Plaintiff corporation, significantly hinders the Court's ability to control the docket.

The third factor, risk of prejudice to Defendants, neither weighs in favor nor against dismissal considering Defendants' failure to participate in any status hearing or in the preparation of a status report since the filing of the notice of the bankruptcy proceedings in February 2020. The fourth factor, the public policy favoring disposition on the merits of an action, weighs against dismissal.

Given Plaintiff's conduct of failing to communicate with counsel and dissolving the corporation, the Court finds there are no less drastic alternatives to dismissal.

Consideration of the five factors supports dismissal. Accordingly, IT IS HEREBY ORDERED the action is **DISMISSED without prejudice** for failure to comply with the Court's order.

DATED: January 3, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE